

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0209-12

### JACKIE JOHNSON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**PRICE, J., filed a concurring opinion in which WOMACK, J., joined.**

### CONCURRING OPINION

I join the Court's opinion today, but I write separately to clarify one point. The Court correctly acknowledges that, in reviewing a motion to suppress, an appellate court should review a mixed question of law and fact *de novo* unless it happens to turn on witness credibility or demeanor.[1]  The Court then declares that the court of appeals erred in failing

---

[1]  Majority Opinion at 12 (citing *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013)).

to conduct a *de novo* review in this case—but without explaining why the mixed question of law and fact did *not* turn on witness credibility or demeanor.[2]  Given that there was some dispute in the testimony at the motion to suppress hearing, some explanation is in order.

Whether an interaction between police and a citizen constitutes a mere encounter or a detention is, I agree with the Court today, a mixed question of law and fact.[3]  Whether that mixed question of law and fact should be considered deferentially or *de novo* by a reviewing court depends upon whether that mixed question turns on a dispute of historical fact or credibility of the witnesses.[4]  A reviewing court must defer to a trial judge's determination of historical facts, and make the legal determination whether a particular interaction is an encounter or a detention by applying the law to those accepted historical facts.[5]  Likewise, when resolution of the legal issue turns on a material conflict in the testimony of the witnesses, a reviewing court must defer to a trial judge's determination with respect to which witness or witnesses, or what aspect of their testimonies, to believe or otherwise credit.[6] There is a sense in which all appellate review of mixed questions of law and fact are

---

[2]   *Id*. at 13.

[3]   *Id*. at 12 (citing *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)).

[4]   *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[5]   *Garcia-Cantu*, 253 S.W.3d at 241.

[6]   *Id*.

ultimately *de novo*—but only after the appellate court has first deferred to the trial court's resolution (either explicit or implicit, depending upon whether written findings have been requested) of any material issue of historical fact or witness credibility, then measuring the facts, as so resolved, against the determinative legal standard.[7] This is but another way of saying that a reviewing court should make its legal determinations while viewing the facts as the trial court found them to be, so long as those findings are supported by the record.[8]

What does it mean to say that a mixed question of law and fact "turns" on the credibility of the witnesses? It is true that the appellant and the officer in this case gave somewhat conflicting accounts of their interaction that evening. According to the appellant's testimony, the officer completely blocked his egress with the squad car and then approached the appellant with his gun drawn. If that is accurate, then the interaction between the appellant and the officer was a detention by any rational reckoning.[9] But the trial court's determination that the interaction was a detention need not necessarily have *turned* on the contingency that it believed the appellant's testimony and not the officer's. Even rejecting the appellant's version of the interaction and crediting the officer's account entirely, the trial

---

[7] *Id*.

[8] *Id*.

[9] *See id*. at 242 ("Such a seizure occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.") (internal quotation marks omitted).

court in this case might readily have determined that the appellant was the subject of a detention, not a mere encounter. Under these circumstances, *de novo* review of the mixed question of law and fact boils down to whether, discounting the appellant's testimony while crediting the officer's, the interaction was an encounter rather than, as the trial court determined, a detention.[10] Since the court of appeals would be viewing the evidence in the light most favorable to the trial court's resolution of the issue, it would not be obligated to defer to the trial court's ultimate determination of this mixed question of law and fact.

In my view, even accepting the officer's testimony as wholly credible in this case—that is to say, viewing the evidence in the light most favorable to a determination that the interaction was no more than an encounter—the court of appeals's ruling that the interaction was a mere encounter cannot be sustained. The officer conceded that, while he had not totally blocked the appellant's egress, he had parked his squad car in such a way that the appellant would have had to "maneuver" around him in order to drive away. The officer then used a "[p]retty darn bright" spotlight and a "loud voice[,]" demanding to know "what's going on" and asking to see the appellant's identification. While none of these circumstances in isolation would lead to the ineluctable conclusion that the appellant was detained, I do not believe it may reasonably be concluded that a reasonable person in the appellant's shoes

---

[10] Indeed, it seems to me that only when the credibility determination is wholly dispositive of the mixed question of law and fact—that is to say, believe witness A and the defendant necessarily wins under the law, but believe witness B and the State necessarily does—must a reviewing court defer to a trial court's credibility-based resolution of a mixed question of law and fact.

would have felt free to disregard the officer's approach under the *totality* of the circumstances.[11] In other words, I believe that the court of appeals erred in concluding from its *de novo* review that the appellant was not detained.

I take the Court to be saying that the court of appeals was correct in this particular case to review the mixed question of law and fact—whether the interaction was an encounter or a detention—*de novo* because, on the present record, it does *not* turn on witness credibility or demeanor.[12] With this understanding, and because I agree that the court of appeals erred in its *de novo* determination of that mixed question, I join the Court's opinion.

FILED: December 11, 2013
PUBLISH

---

[11] *See Crain v. State*, 315 S.W.3d 43, 49-52 (Tex. Crim. App. 2010) (holding that the court of appeals abused its discretion to hold that a police officer who shined his squad car's spotlight at the defendant and instructed him to "come over here and talk to me" did not detain him).

[12] Thus, I do not take the Court to speak quite as categorically as it sounds when it declares that "the question of detention versus encounter is a question of law that must be reviewed *de novo*." Majority Opinion at 13.